Matter of Quinn (2018 NY Slip Op 07433)





Matter of Quinn


2018 NY Slip Op 07433


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-09938

[*1]In the Matter of John D. Quinn, deceased. Stanley Cohen, appellant; Five Towns College, et al., respondents.
(File No. 894/16) 


Certilman Balin Adler & Hyman LLP, Hauppauge, NY (Glenn B. Gruder of counsel), for appellant.
Novick & Associates, PC, Huntington, NY (Donald Novick and Albert V. Messina, Jr., of counsel), for respondents.



DECISION & ORDER
In a proceeding to obtain letters of administration for the estate of John D. Quinn, the petitioner appeals from an order of the Surrogate's Court, Suffolk County (John M. Czygier, S.), dated September 14, 2017. The order, insofar as appealed from, upon reargument, adhered to the original determination in an order dated July 6, 2017, as amended by an order dated July 20, 2017, to dismiss the petition.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, upon reargument, the order dated July 6, 2017, as amended by the order dated July 20, 2017, is vacated, the petition is reinstated, and the matter is remitted to the Surrogate's Court, Suffolk County, for the issuance of a decree granting letters of administration for the estate of John D. Quinn to a qualified person pursuant to SCPA 1001.
In this proceeding, the petitioner, the founder of Five Towns College, seeks the appointment of an administrator for the estate of John D. Quinn (hereinafter the decedent), a former
member of the college's board of trustees. Prior to the decedent's death, the petitioner and decedent were parties in a number of actions that resulted in four appeals pending before this Court (see Cohen v Cohen , Appellate Division Docket No. 2012-01889; Cohen v Cohen , Appellate Division Docket Nos. 2014-04423, 2014-05419, 2014-09711). Those appeals were automatically stayed pending the substitution of a legal representative for the decedent pursuant to CPLR 1015(a).
The Surrogate's Court dismissed the petition, finding that the petitioner lacked standing to bring the petition. The petitioner, in effect, moved for leave to reargue the dismissal of the petition, and upon reargument, the court adhered to its original determination.
Upon reargument, the Surrogate's Court should have found that the petitioner has standing to bring the petition. SCPA 1002(1) provides, in relevant part, that "a person interested in [*2]an action . . . in which the intestate . . . , if living, would be a proper party may present a petition to the court having jurisdiction praying for a decree granting letters of administration to him or to another person upon the estate of the intestate." In this case, the decedent was named as a party in the actions in which appeals are pending before this Court, and the petitioner, as a defendant in those actions and an appellant before this Court, has an interest in those actions. Thus, pursuant to SCPA 1002(1), the petitioner has standing to petition the Surrogate's Court for the appointment of an administrator for the decedent's estate.
DILLON, J.P., LEVENTHAL, ROMAN and DUFFY, JJ., concur.

2017-09938 DECISION & ORDER ON MOTION
In the Matter of John D. Quinn, deceased.
Stanley Cohen, appellant; Five Towns College,
et al., respondents.
(File No. 894/16)

Motion by the respondent Five Towns College to strike stated portions of the appellant's brief on an appeal from an order of the Surrogate's Court, Suffolk County, dated September 14, 2017, on the ground that they improperly raise issues, facts, and theories for the first time on appeal, and for an award of costs and an attorney's fee. By decision and order on motion of this Court dated April 24, 2018, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted to the extent that Point II of the appellant's brief is stricken and has not been considered in the determination of the appeal; and it is further,
ORDERED that the motion is otherwise denied.
DILLON, J.P., LEVENTHAL, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court